## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAVID WEBB and MELISSA WEBB,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Case No. 12-CV-2001-JAR-KGS |
| ) | |
| **PREMIERE CREDIT OF NORTH** ) | |
| **AMERICA, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

### MEMORANDUM AND ORDER

Plaintiffs David Webb and Melissa Webb filed this lawsuit against Defendant Premiere Credit of North America, LLC, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. This matter is before the Court on Defendant's Motion to Dismiss (Doc. 17) and Plaintiffs' Motion to File Amended Complaint (Doc. 25). Defendant moves to dismiss Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the Court denies Defendant's motion to dismiss and grants Plaintiffs' motion to amend.

**I.   Facts**

The following facts are alleged in Plaintiffs' proposed First Amended Complaint (Doc. 25-1) and taken in the light most favorable to Plaintiffs. Sometime prior to the instant action, Plaintiffs incurred a debt owing on a personal account. After the account went into default with the original creditor, it was transferred to Defendant for collection and was assigned an account number; Defendant objects to discovery regarding the original creditor's identity. In the year prior to filing suit, Defendant's representatives made telephone calls to Plaintiffs for the purpose

of collecting the debt.  These calls occurred on "continuous days," and on multiple occasions six times per day.  Plaintiffs assert that such conduct violates 15 U.S.C. § 1692d(5), and that they "have suffered actual damages, including emotional distress," as a result.

## II.     Discussion

### A.     Leave to Amend

D. Kan. Rule 15.1 provides that a motion to amend must: (1) contain a concise statement of the amendment or leave sought, (2) include an attachment of the proposed amendment, and (3) comply with D. Kan. Rules 7.1 through 7.6.  Defendant contends that leave to amend should be denied since Plaintiffs did not include a statement of the amendment or leave sought in violation of Rule 15.1(a)(1), failed to provide a memorandum accompanying their motion in violation of Rule 7.1(a),[1] and failed to include memoranda content required by Rule 7.6(a).[2]

The Court, however, grants Plaintiffs' Motion to Amend.  Plaintiffs included a request for leave to file an amended complaint in their Response to Defendant's Motion to Dismiss, as well as the title and prayer of the same document.[3]  And although Plaintiffs did not separately file a memorandum in support of their motion to amend, the Court may relieve Plaintiffs of complying with that requirement.[4]  Plaintiffs are advised to review local Rules 7.1 and 7.6; however, this Court must construe rules of procedure liberally to facilitate decisions on the

---

[1] *See* D. Kan. R. 7.1(a) ("A brief or memorandum must accompany all motions unless: (1) the motion is joint or unopposed; (2) the motion is filed pursuant to D. Kan R. 6.1 or 77.2; (3) these rules otherwise provide; or (4) the court relieves the parties of complying with the requirement.").

[2] *See* D. Kan. R. 7.6(a) (providing that all filed briefs and memoranda must contain a statement of the matter before the court, a concise statement of the facts, a statement of the question presented, and the argument).

[3] Doc. 25 at 1-3.

[4] D. Kan. R. 7.1(a)(4).

merits rather than procedural technicalities.[5]  Because Plaintiffs substantially complied with Rule 15.1 by attaching their proposed Amended Complaint, Plaintiffs' Motion to File Amended Complaint is granted.  The Court will thus evaluate the Amended Complaint under Rule 12(b)(6).

### B. Rule 12(b)(6) Standard

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6]  In deciding a Rule 12(b)(6) motion to dismiss, the court draws all reasonable inferences in favor of the plaintiff.[7]  Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim.[8]  In so doing, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[9]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[10] but it requires more than "a sheer possibility."[11]  Thus, "a formulaic recitation of the elements of a

---

[5]*See Cooper v. Am. Auto. Ins. Co.*, 978 F.2d 602, 608 (10th Cir. 1992).

[6]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[7]*Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

[8]*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

[9]*See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[10]*Id.* at 545.

[11]*Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009).

cause of action," standing alone, is insufficient to survive a motion to dismiss.[12]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[13] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[14] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[15] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16]

### C.     Section 1692d(5)

Plaintiffs assert that Defendant's telephone calls to Plaintiffs violated 15 U.S.C. § 1692d(5), which provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called

---

[12] *Twombly*, 550 U.S. at 555.

[13] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

[14] *Id.* at 679.

[15] *Id.*

[16] *Id.* at 678.

4

number.

Plaintiffs allege in the original Complaint that Defendant caused their "telephone continuously to ring with the intent to annoy, abuse, and harass Plaintiff[s]."[17] The Amended Complaint adds that Defendant's collection calls occurred "on multiple occasions six times per day on continuous days."[18] Defendant contends that Plaintiffs' allegations lack "crucial" information about the dates and times of the alleged phone calls,[19] and that the Amended Complaint adds "no new facts" to the original, amounting to the "very same complaint"[20] that failed to state a claim in a similar action involving Plaintiffs that was dismissed.[21] Defendant argues further that the "cookie-cutter" original Complaint is identical to three other filings by Plaintiff, indicating an attempt to obtain a quick settlement offer on the basis of a groundless claim.[22]

The Court finds that Plaintiffs' Amended Complaint meets the factual specificity required by *Twobly* and *Iqbal*. First, Plaintiffs' factual allegations concerning the frequency of Defendant's collection calls are entitled to an assumption of truth. While the original Complaint's "near[ly] verbatim recitation of the statutory language"[23] consists entirely of

---

[17] Doc. 1, ¶ 33.

[18] Doc. 25-1, ¶ 33.

[19] Doc. 17 at 6-7.

[20] Doc. 26 at 1-2.

[21] *See Webb v. Convergent Outsourcing, Inc.*, No. 11-2606-JTM, 2012 WL 162394, at *2 (D. Kan. Jan. 19, 2012) (dismissing Plaintiffs' complaint, which alleged only that "Defendant caused Plaintiffs' telephone continuously to ring with intent to annoy, abuse, and harass Plaintiff").

[22] Doc. 26 at 7.

[23] *See Convergent Outsourcing*, 2012 WL 162394, at *2.

number.

Plaintiffs allege in the original Complaint that Defendant caused their "telephone continuously to ring with the intent to annoy, abuse, and harass Plaintiff[s]."[17] The Amended Complaint adds that Defendant's collection calls occurred "on multiple occasions six times per day on continuous days."[18] Defendant contends that Plaintiffs' allegations lack "crucial" information about the dates and times of the alleged phone calls,[19] and that the Amended Complaint adds "no new facts" to the original, amounting to the "very same complaint"[20] that failed to state a claim in a similar action involving Plaintiffs that was dismissed.[21] Defendant argues further that the "cookie-cutter" original Complaint is identical to three other filings by Plaintiff, indicating an attempt to obtain a quick settlement offer on the basis of a groundless claim.[22]

The Court finds that Plaintiffs' Amended Complaint meets the factual specificity required by *Twobly* and *Iqbal*. First, Plaintiffs' factual allegations concerning the frequency of Defendant's collection calls are entitled to an assumption of truth. While the original Complaint's "near[ly] verbatim recitation of the statutory language"[23] consists entirely of

---

[17] Doc. 1, ¶ 33.

[18] Doc. 25-1, ¶ 33.

[19] Doc. 17 at 6-7.

[20] Doc. 26 at 1-2.

[21] *See Webb v. Convergent Outsourcing, Inc.*, No. 11-2606-JTM, 2012 WL 162394, at *2 (D. Kan. Jan. 19, 2012) (dismissing Plaintiffs' complaint, which alleged only that "Defendant caused Plaintiffs' telephone continuously to ring with intent to annoy, abuse, and harass Plaintiff").

[22] Doc. 26 at 7.

[23] *See Convergent Outsourcing*, 2012 WL 162394, at *2.

conclusory allegations, the Amended Complaint asserts specific facts: that Defendant placed daily or near daily collection calls to Plaintiffs, at a rate of up to six calls per day, demanding payment on a specific account number.[24]  Such allegations distinguish this claim from a "cookie-cutter filin[g]," and provide sufficient factual content to give Defendant fair notice of what Plaintiffs are claiming.  Because these allegations surpass mere legal conclusions, the Court assumes them to be true.

Assuming the truth of Plaintiffs' factual allegations, the Court finds the claim to be facially plausible.  Plaintiffs are only required to state enough facts to show that it is plausible that Defendant caused their telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass.[25]  Courts may infer the requisite intent under § 1692d(5) by "consider[ing] the volume and pattern of calls made."[26]  Here, Defendant's alleged conduct raises the reasonable inference of a § 1692d(5) violation because six calls per day may well indicate an intent to annoy, abuse, or harass.[27]  Indeed, Defendant points to only two circumstances where such frequent calls might be justified: where "Plaintiff invites a return call" and where "the parties are exchanging messages."[28]  Even assuming there are additional circumstances that may warrant six calls per day, the Court, drawing all reasonable inferences in favor of Plaintiffs, finds their claim as alleged rises above the speculative level.  To rule otherwise would be inconsistent with

---

[24] Doc. 25-1, ¶¶ 18, 33.

[25] *See* 15 U.S.C. § 1692d(5).

[26] *Carman v. CBE Grp., Inc.*, 782 F. Supp. 2d 1223, 1229-30 (D. Kan. 2011).

[27] *See Langdon v. Credit Mgmt., LP*, No. C 09-3286 VRW, 2010 WL 3341860, at *2 (N.D. Cal. Feb. 24, 2010) (finding that the "proximity and volume of the alleged calls–often two or more per day–certainly may constitute harassment or annoyance").

[28] Doc. 26 at 2.

numerous decisions finding claims sufficiently stated when plaintiffs allege a high volume or frequency of calls alone, often at rates significantly lower than six calls per day.[29] Further, to the extent preparation of a defense requires more information about the "days or dates," the "time period," and the "time of day" of the alleged phone calls,[30] Defendant can determine those details through discovery.[31]

### D.   Emotional Distress Damages

The FDCPA provides for statutory damages of up to $1,000.00, reasonable attorney fees and costs, and actual damages.[32] Defendant contends that, notwithstanding Plaintiffs' claims for other types of damages, Plaintiffs state no facts to support a claim for actual damages for emotional distress under Kansas law.[33] To support this contention, Defendant cites *Roberts v.*

---

[29]*See Kane v. Nat'l Action Fin. Servs., Inc.*, No. 11-CV-11505, 2011 WL 6018403, at *4 (E.D. Mich. Nov. 7, 2011) (holding that allegations of several hundred phone calls placed over a four-year period, standing alone, sufficiently stated a claim to relief under § 1692d(5)); *Valentine v. Brock & Scott, PLLC*, No. 2:09-CV-2555, 2010 WL 1727681, at *4 (D.S.C. Apr. 26, 2010) (denying motion to dismiss where the plaintiff alleged that the defendant called the plaintiff 11 times over a period of 19 days, with two of the calls occurring on the same day); *Akalwadi v. Risk Mgmt. Alts., Inc.*, 336 F. Supp. 2d 492, 505 (D. Md. 2004) (denying summary judgment for the defendant, finding a genuine issue of material fact as to harassment when approximately twenty-six calls were placed over a two-month period); *see also Brown v. Hosto & Buchan, PLLC*, 748 F. Supp. 2d 847, 852 (W.D. Tenn. 2010) (denying motion to dismiss where the plaintiff alleged that the defendant "called [the plaintiff's] telephone seventeen times in one month and called her cellular telephone using an automatic telephone dialing system at least once").

[30]Doc. 26 at 2. In their Response to Defendant's Motion to Dismiss, Plaintiffs assert that the calls occurred "on continuous days in December 2011." Doc. 25 at 1. While this assertion attempts to address Defendant's concern about the "time period" of the alleged calls, the Court may consider only the facts alleged in Plaintiffs' First Amended Complaint in its Rule 12(b)(6) analysis. Plaintiffs' Amended Complaint does not allege that the collection calls were made in December.

[31]*See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (stating that Rule 8(a)(2)'s pleading standard is justified because of liberal discovery rules and summary judgment availability, which help dispose of unmeritorious claims); *Kan. W. Annual Conference of United Methodist Church v. Robotech Elec. Components, Inc.*, No. 11-1171-KHV, 2011 WL 3799759, at n.1 (D. Kan. Aug. 25, 2011) (noting that Defendant could determine the serial number of the exact power strip alleged to have caught on fire through discovery); *see also Twombly*, 550 U.S. at 545 (explaining that "detailed factual allegations" are not required to survive a motion to dismiss).

[32]15 U.S.C. § 1692k.

[33]Doc. 26 at 3.

*Saylor*, which states that liability for infliction of emotional distress arises only when the distress is extreme.[34] Defendant argues that Plaintiffs have not alleged facts that plausibly support a finding of *extreme* emotional distress.[35]

The Court, however, finds that Plaintiffs state a plausible claim for emotional distress damages.[36] While *Saylor* expounds the elements required for recovery under the Kansas tort of Intentional Infliction of Emotional Distress ("IIED"), district courts have split over whether claims for emotional distress damages under the FDCPA are evaluated under the state tort law standard for IIED or a more lenient standard.[37] *Bieber v. Associated Collection Services, Inc.* stated that "[§ 1692d] prohibits a debtor's tender sensibilities only from oppressive and outrageous conduct," borrowing some IIED terminology.[38] However, when the question of emotional distress damages under § 1692d has been directly presented, the majority of courts, including other district courts in the Tenth Circuit, "have found that the FDCPA does not require a plaintiff to satisfy state tort law standards to prove emotional distress damages."[39] The Court

---

[34] 637 P.2d 1175, 1180 (Kan. 1981).

[35] Doc. 26 at 3.

[36] *See Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2 (D. Kan. Jan. 29, 2010) ("The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.'" (quoting *Swierkiewicz*, 534 U.S. at 511)).

[37] *Compare Santacruz v. Standley and Assocs., LLC*, No. 10-CV-00623-CMA-CBS, 2011 WL 1043338, at *6 (D. Colo. Mar. 17, 2011) (holding that a plaintiff need not establish the elements of a claim for IIED under state tort law to sustain an FDCPA claim for emotional distress), *with Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1077-78 (E.D. Cal. 2007) (holding that a plaintiff is required to establish the elements of a claim for IIED under state tort law to sustain an FDCPA claim for emotional distress).

[38] 631 F. Supp. 1410, 1417 (D. Kan. 1986).

[39] *Santacruz*, 2011 WL 1043338, at *6; *see also Riley v. Giguiere*, 631 F. Supp. 2d 1295, 1314-16 (E.D. Cal. 2009) (reasoning that, since the Ninth Circuit allows recovery for emotional distress damages under the Fair Credit Reporting Act without meeting state tort law standards, the same relaxed standard is also applicable to emotional distress claims under the FDCPA, since "[b]oth statutes have similar purposes and both include identical provisions regarding a plaintiff's recovery for actual damages"); *Davis v. Creditors Interchange Receivable Mgmt.,*

finds the majority's reasoning persuasive.  Yet, even if Plaintiffs were required to satisfy state tort law standards, it is not unreasonable to infer that six calls per day, depending on the circumstances, might cause extreme emotional distress.  Accordingly, the Court finds Plaintiffs' claim for emotional distress damages under § 1692d(5) to be sufficiently stated.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Plaintiffs' Motion to File Amended Complaint (Doc. 25) is granted and Defendant's Motion to Dismiss (Doc. 17) is denied.

**IT IS SO ORDERED.**

Dated: June 20, 2012

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

*LLC*, 585 F. Supp. 2d 968, 971 (N.D. Ohio 2008) (concluding that requiring plaintiffs to meet state tort law standards would "undermine, if not defeat entirely the Congressional objective of national uniformity in the [FDCPA]'s application and enforcement").